UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ASARAEL ZUNIGA | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | No. 17-cv-05119 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ASSET RECOVERY SOLUTIONS and | ) | |
| BUREAUS INVESTMENT GROUP | ) | |
| PORTFOLIO NO. 15, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Asarael[1] Zuniga brings this case against Assert Recovery Solutions, LLC and Bureaus Investment Group Portfolio No. 15, LLC (which the parties call "BIG15"). R. 1, Compl.[2] Zuniga alleges that Asset Recovery Solutions and BIG15 violated the Federal Debt Collection Practices Act (FDCPA) when they sent him a letter attempting to collect a debt. Zuniga alleges that the letter failed to identify "the creditor to whom the debt is owed," which is a disclosure required by the FDCPA. *Id.* ¶ 16; 15 U.S.C. § 1692g(a)(2). Zuniga alleges that an "unsophisticated consumer" would have misunderstood who was the current debt owner, *see* Compl. ¶¶ 14, 16— but Zuniga does not allege that *he* was confused or misled by the letter. *See generally* Compl. Defendants jointly move to dismiss the complaint, arguing that

---

[1]The Plaintiff's first name is spelled inconsistently throughout the filings. *Compare* Compl. p. 7 ("Asarael") *with* Compl. ¶ 3 ("Asareal") *and* R. 19-1, Defs.' Br. at 1 ("Aasarael"). The Court adopts the spelling used in the caption, "Asarael," which also matches the spelling of the Plaintiff's name on the debt-collection letter. Compl. Exh. C.

[2]Citations to the record are noted as "R." followed by the docket number and, where necessary, the page or paragraph number.

Zuniga does not sufficiently allege an injury-in-fact that meets Article III standing requirements. R. 19, Mot. to Dismiss at 1. In the alternative, Defendants argue that the complaint fails to state a claim upon which relief could be granted, and that Zuniga does not adequately allege that BIG15 is a debt collector for FDCPA purposes. *Id*. As discussed below, the motion to dismiss is granted. Zuniga lacks standing, and even if he had it, the complaint fails to state a claim.

### I. Legal Standards: Rule 12(b)(1) and 12(b)(6)

Asset Recovery Solutions and BIG15 move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion tests whether the Court has subject-matter jurisdiction, *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009); *Long v. ShoreBank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999), whereas a Rule 12(b)(6) motion tests the sufficiency of the complaint, *Hallinan*, 570 F.3d at 820; *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(1) motion, the plaintiff must establish that the district court has subject-matter jurisdiction. *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2011), *overruled on other grounds*, *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). "If subject matter jurisdiction is not evident on the face of the complaint, [then] the ... Rule 12(b)(1) [motion is] analyzed [like] any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." *Id.* In contrast, "[a] motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan*, 570 F.3d at 820. "[A]

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

## II. Analysis

As noted earlier, Asset Recovery Solutions and BIG15 argue that Zuniga lacks standing because the complaint fails to allege that he *himself* suffered a concrete and particularized injury and (alternatively) because, as a matter of law, the letter was sufficiently clear under the FDCPA. R. 19-1, Defs.' Br. at 3, 8-10. Zuniga loses on standing, but the Court will address both arguments for the sake of completeness.

### A. Standing

To satisfy Article III standing requirements, Zuniga must show that he suffered an injury-in-fact that is fairly traceable to the conduct of the defendant and can be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547-48 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)). An injury-in-fact must be both concrete and particularized. *Spokeo*, 136 S. Ct. at 1548. A concrete injury must be "*de facto*; that is, it must actually exist." *Id* (cleaned

up). [3] An injury can be intangible, but not every statutory violation by itself is enough. *Id.* at 1549. To determine if an intangible injury's concreteness rises to the level required to satisfy standing, "both history and the judgment of Congress play important roles." *Id.* A "violation of a procedural right granted by statute can be sufficient in some circumstances … [so that] a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Id.* And the *risk* of harm might be concrete enough to meet standing requirements. *Id.* With regard to the "particularized"-injury requirement, the injury must "affect the plaintiff in a personal and individual way." *Id* at 1548. So, at minimum, Zuniga must allege facts from which a concrete and particularized injury or risk of injury can be inferred. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 889 (7th Cir. 2017).

Zuniga first argues that the injury-in-fact requirement is satisfied just by the mere alleged violation of the FDCPA, because Congress "conferred" Article III standing by enacting the FDCPA. R. 29, Pl. Resp. at 8-9; R. 39, Pl. Supp. Resp. at 5-6. That is wrong. As noted earlier, a bare statutory violation is not necessarily enough—especially after *Spokeo*—to establish standing. Not all statutory violations are enough to "confer" Article III standing by themselves. *See Spokeo*, 136 S. Ct. at 1549.

Next, Zuniga argues that the failure to provide statutorily required information—here, the identity of the creditor to whom the debt is owed—is an

---

[3]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g.*, *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017).

4

injury that is concrete and particularized enough to establish standing. Pl. Resp. at 9. It is true that, in *some* cases (and maybe many of them) the failure to identify the current creditor would constitute a concrete and particularized injury sufficient to establish standing. The FDCPA aims to protect consumers from risks of fraud, deception, and abusive collecting practices. *Janetos v. Fulton, Friedman, & Gullace*, 825 F.3d 317, 320-22 (7th Cir. 2016). A debt collector's failure to identify the current creditor could create a concrete risk of Article III harm, because a debtor who is confused about the identity of the creditor might be misled into making payments to the wrong entity. *See id.* at 324-25.

The problem in this case, however, is that Zuniga failed to plead that the alleged injury-in-fact was concrete and particular to *him*. Yes, Zuniga alleged that the letter failed to explain the difference between the current creditor versus the original creditor, as well as what Asset Recovery Solutions' relationship was to the creditors. Compl. ¶ 10. But Zuniga did not allege—even after the Court flagged this issue explicitly, R. 35, 11/07/17 Minute Entry—that *he himself* was confused about what the letter was saying about the current creditor. In the analogous context of the Fair Credit Reporting Act, the Seventh Circuit recently held that a mere statutory violation without concrete harm was not by itself enough to establish standing. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 889 (7th Cir. 2017). In *Groshek*, the plaintiff alleged that a prospective employer gave him extraneous information while obtaining his consent to a background check, supposedly violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. *Id.* at 885-86. The Seventh

Circuit held that the plaintiff had not established standing, reasoning that "[Groshek's] complaint contained no allegation that any of the additional information caused him to not understand the consent he was giving; no allegation that he would not have provided consent but for the extraneous information on the form; [and] no allegation that additional information caused him to be confused." *Groshek*, 865 F.3d at 887. On these facts, the Seventh Circuit held that the plaintiff had alleged only "a statutory violation completely removed from any concrete harm or appreciable risk of harm," which is not enough for standing. *Id.*

Like the plaintiff in *Groshek*, Zuniga did not plead "factual allegations from which [the court] could infer harm." *Groshek*, 865 F.3d at 889. Zuniga does not "plausibly suggest[] that he was confused" by the letter or that he would have acted differently if the letter had used different words. *See id.* Instead, he alleges only (in a conclusory fashion) that an *unsophisticated consumer* would be confused. Compl. ¶¶ 10, 12-16. Zuniga argues that is all that is needed, but that argument mixes up the *substantive* standard for liability under the FDCPA—whether an unsophisticated consumer would be confused by a debt-collection letter—with the requirements of Article III standing. Whether the *hypothetical* unsophisticated consumer would be confused does not matter for the standing inquiry, which instead asks whether the plaintiff *in this case* has shown concrete and particularized harm. Zuniga has not, and so he lacks standing to bring this lawsuit. The case must be dismissed for lack of subject matter jurisdiction.

## B. Current Creditor

Even if Zuniga has standing to pursue the case, the complaint fails to state a claim on which relief can be granted. The FDCPA requires that a debt collector disclose to the debtor "the name of the creditor to whom the debt is owed." 15 U.S.C. §1692g(a)(2). When examining a debt-collection letter, the question is whether the letter would be confusing to the unsophisticated consumer. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017). The unsophisticated consumer is "uninformed, naïve, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pantoja*, 852 F.3d at 686 (quoting *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007)) (cleaned up). This is an objective standard. *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). There need not be "evidence that the recipient was confused— or even … [that] he read the letter." *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir. 1997). "[A] district court must tread carefully before holding that a letter is not confusing as a matter of law … because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects." *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. Nat'l Recovery Inc.*, 200 F.3d 500, 501 (7th Cir. 1999) (cleaned up). Section 1692g is violated when "a significant fraction of the population" might be confused. *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012). On the other

hand, dismissal is appropriate when less than a significant fraction of the population would find the letter confusing. *Id.* (quoting *Taylor v. Cavalry Inv., LLC*, 365 F.3d 572, 574-75 (7th Cir. 2004)). The unsophisticated consumer analysis does not allow for "bizarre, peculiar, or idiosyncratic interpretation[s]." *McMillan*, 455 F.3d at 758.

Debt collectors have puzzled debtors with a variety of confusing terms in purporting to identify the current creditor. For example, some letters make confusing references to multiple non-creditor entities, rather than simply identifying the original creditor and the current creditor. *Deschaine v. Nat'l Enter. Sys. Inc.*, 2013 WL 12121197, at *1 (N.D. Ill. Oct. 20, 2011) (referencing a debt collector's "client" in addition to other creditor parties). Other letters use words that are ambiguous in reporting who is the current creditor. *E.g.*, *Walls v. United Collection Bureau Inc.*, 2012 WL 1755751, at *2 (N.D. Ill. May 16, 2012) (using the phrase "current owner" instead of current creditor). And still others state the name of the current creditor somewhere in the letter—but without saying that the creditor owns the debt. *Janetos*, 825 F.3d at 321-22.

The letter sent to Zuniga is nothing like those other letters. Here, the letter plainly identified the entity to whom the debt was owed by using the words "Current Creditor" right next to Bureaus Investment Group Portfolio No. 15 LLC. Compl., Exh. C. The letter also identified the original creditor with (not surprisingly) the phrase "Original Creditor." *Id.* Zuniga asserts that somehow the words "original" and "current" are confusing. Compl. ¶ 10. They simply are not. It is

unlikely that a significant fraction of even the most unsophisticated consumers, possessing "reasonable intelligence," *Pantoja* 852 F.3d at 686, would fail to understand the difference between "original" and "current," or fail to understand that the "current" creditor is the creditor to whom the debt is currently owed. These are plain-English words, not specialized terms that could confuse the ordinary debtor. Indeed, as the defense points out, the FDCPA *itself* uses the phrase "current creditor" as a synonym for the "creditor to whom the debt is owed" in another part of the very same statutory provision. 15 U.S.C. § 1692g(a)(5) ("[U]pon the consumer's written request … the debt collector will provide the consumer with the name and address of the original creditor, if different from the *current creditor*.") (emphasis added). And, in this case, there are no confusingly named non-creditors sprinkled about the letter to muddy the waters, and no opaque technical terms: the letter to Zuniga identified the "original creditor" and the "current creditor," which is enough to make clear to whom the debt is currently owed. So, even taking the facts in the light most favorable to Zuniga, Zuniga has failed to state a claim for violation of the FDCPA.[4] Even if he had standing, the complaint would be dismissed anyway.

---

[4] In light of this holding, there is no need to address whether BIG15 is a "debt collector" as defined by the FDCPA.

### III. Conclusion

For the reasons discussed, the Defendants' motion to dismiss is granted. Zuniga lacks Article III standing. In the alternative, the complaint fails to allege a violation of the FDCPA.

ENTERED:

    s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 28, 2018